ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **SOCIEDAD ESPELEOLÓGICA DE PUERTO RICO, INC.** <br> RECURRENTE(S) <br><br> V. <br><br> **DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES** <br> RECURRIDA(S) <br><br> **PARA LA NATURALEZA, INC.** <br> LICITADORA AGRACIADA | **KLRA202400234** | ***Revisión de Decisión Administrativa*** procedente del Departamento de Recursos Naturales y Ambientales <br><br> Civil Núm.: **RFP#2023-0901PN** <br><br> Sobre: Adjudicación "Request for Proposal The Rio Camuy Cave Park Project" |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 30 de julio de 2024.

Comparece ante este Tribunal de Apelaciones, la **SOCIEDAD ESPELEOLÓGICA DE PUERTO RICO, INC. (SEPRI)** mediante una *Petición de Revisión Administrativa* interpuesta el 8 de mayo de 2024. En su recurso, nos solicita que revisemos la *Notificación de Adjudicación de Propuesta: "The Rio Camuy Cave Park Project"* decretada el 31 de enero de 2024 por el **DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES (DRNA)**.[1] Mediante esta decisión, se determinó y adjudicó la propuesta sobre la coadministración de Las Cavernas del Río Camuy a **PARA LA NATURALEZA, INC. (PARA LA NATURALEZA)**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Este dictamen administrativo fue notificado y archivado en autos el 31 de enero de 2024. Apéndice de la *Petición de Revisión Administrativa,* págs. 1- 2.

Número Identificador:
SEN2024_____

## - I -

El 1 de septiembre de 2023, el **DRNA** publicó en su página web una Solicitud de Propuesta RFP#2023-0901-PN, *Request for Proposals for the Rio Camuy Cave Park Project*. Ello con el objetivo de obtener proposiciones para la coadministración, operación y mantenimiento del Parque Las Cavernas de Camuy.

En el mes de octubre de 2023, el **DRNA** recibió cuatro (4) propuestas de las siguientes entidades: (1) **PARA LA NATURALEZA**; (2) **SEPRI**; (3) Norden Construction; y (4) Oro Verde. Así las cosas, el **DRNA** nombró un *Comité Evaluador*, que luego de realizar un cuidadoso estudio de todas las propuestas, debía recomendar aquella que cumpliera con los objetivos esbozados en el requerimiento y con una visión de coadministración alineada al fin público de sostenibilidad. Entre las condiciones del **DRNA** para participar en el proceso, se informó que la adjudicación se realizaría no más tarde del 17 de noviembre de 2023.

**SEPRI** elaboró y preparó una propuesta, la cual fue entregada el 27 de octubre de 2023.[2] Es importante señalar que la comunicación entre el **DRNA** y **SEPRI** fue, en su mayoría, mediante correos electrónicos. Llegada la fecha de la adjudicación de la propuesta, el **DRNA** extendió el término dos (2) semanas adicionales.

Luego de transcurrido el término adicional, y al no haber recibido una determinación, el 15 de enero de 2024, mediante correo electrónico, **SEPRI** cursó misiva al **DRNA** requiriendo conocer el estatus de la adjudicación de la propuesta.[3] Meses después, el 18 de marzo de 2024, vía correo electrónico, **SEPRI** envió una *Segunda Solicitud de Informe*.[4] El **DRNA** no se expresó a pesar de que **SEPRI**, como participante y licitadora, tenía el derecho a conocer la información sobre la adjudicación de la propuesta.

---

[2] Dicha propuesta se presentó dentro del término dispuesto por el **DRNA**.
[3] Apéndice de la *Petición de Revisión Administrativa,* pág. 3.
[4] *Íd.,* págs. 4- 5.

El 22 de marzo de 2024, por correo electrónico, **SEPRI** cursó una *Tercera Solicitud de Culminación del Proceso del RFI*.[5] El 4 de abril de 2024, por medio de correo electrónico, el **DRNA** se pronunció sobre los requerimientos de **SEPRI** e incluyó como anejo la *Notificación de Adjudicación de Propuesta: "The Rio Camuy Cave Park Project"* (*Notificación*).[6] Tal correo electrónico estuvo acompañado de una *Solicitud de Franqueo para Correspondencia Oficial* y surge que la *Notificación* fue remitida mediante correo certificado con acuse de recibo número 7003-0500-0001-3076-5092.[7]

El 15 de abril de 2024, **SEPRI** presentó su *Solicitud de Reconsideración*.[8] A los pocos días, el 17 de abril de 2024, **SEPRI** presentó otro escrito intitulado *Solicitud de Notificación Conforme a Derecho y/o Solicitud de Reconsideración*.[9] Pese a ello, el **DRNA** no ha contestado ni ha tomado acción alguna sobre los referidos escritos.

Inconforme con ese tracto procesal del **DRNA**, el 8 de mayo de 2024, **SEPRI** entabló ante este Tribunal de Apelaciones una *Petición de Revisión Administrativa.* En la misma, señala el(los) siguiente(s) error(es):

> Erró el Departamento de Recursos Naturales y Ambientales (DRNA) al notificar la adjudicación del RFP#2023-0901-PN, para la coadministración del Parque de las Cavernas del Río Camuy, contraria a derecho.

El 10 de mayo de 2024, determinamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de treinta (30) días al **DRNA** y **Para la Naturaleza** para presentar su(s) alegato(s) en oposición. De este modo, el 2 de julio de 2024, el **DRNA** presentó su escrito intitulado *Alegato*. En pocas palabras, arguyó que: **SEPRI** nunca fue debidamente notificada dado que la correspondencia fue devuelta por el servicio postal; y al 4 de abril de 2024,

---

[5] Apéndice de la *Petición de Revisión Administrativa,* págs. 6- 7.
[6] *Íd.,* págs. 8- 11.
[7] Según el sistema de rastreo del Servicio Postal de los Estados Unidos, el 25 de marzo de 2024, el correo certificado número 7003-0500-0001-3076-5092 fue devuelto al remitente (*"delivered to the original sender"*).
[8] Apéndice de la *Petición de Revisión Administrativa*, págs. 13- 33.
[9] *Íd.,* págs. 34- 52.

cuando se remitió la *Notificación* suscrita el 31 de enero de 2024 no se incluyeron las advertencias correctas sobre los términos para presentar reconsideración y acudir en revisión judicial vigentes al momento de la notificación. Ello conforme a la enmienda de la sección 3.19 de la Ley de Procedimientos Administrativos Uniformes (LPAU) mediante la Ley Núm. 48 de 19 de febrero de 2020 (Ley Núm. 48-2024).[10]

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de todas las partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

### - II -

### - A - *Ley de Procedimiento Administrativo Uniforme*

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU) provee un cuerpo de reglas mínimas para gobernar los procesos de adjudicación y reglamentación en la administración pública.[11] Su sección 4.1 instituye la *revisión judicial* de las determinaciones finales de las agencias por este Tribunal de Apelaciones.[12]

La *revisión judicial* tiene como propósito limitar la discreción de las agencias y asegurarse de que estas desempeñen sus funciones conforme a la ley.[13] El criterio rector al momento de pasar juicio sobre una decisión de un foro administrativo es la *razonabilidad* de la actuación de la agencia.[14] Nuestra evaluación de la decisión de una agencia se circunscribe, entonces, a determinar si esta actuó de forma arbitraria, ilegal o irrazonable, o si sus acciones constituyen un abuso de discreción.[15]

Empero, las decisiones de los organismos administrativos especializados gozan de una presunción de legalidad y corrección, por lo que,

---

[10] Ley Núm. 38 de 30 de junio de 2017, según enmendada. 3 LPRA § 9601.
[11] Conocida como la Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA § 9601-9713; *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 621 (2018).
[12] 3 LPRA § 9671.
[13] *Torres v. Junta Ingenieros*, 161 DPR 696, 707 (2004).
[14] *Otero v. Toyota*, 163 DPR 716 (2005).
[15] *JP, Plaza Santa Isabel v. Cordero Badillo*, 177 DPR 177, 187 (2009).

sus conclusiones e interpretaciones merecen gran consideración y respeto.[16] Por ello, al ejecutar nuestra función revisora, este Tribunal está obligado a considerar la especialización y experiencia de la agencia, distinguiendo entre cuestiones de interpretación estatutaria —sobre las que los tribunales son especialistas— y cuestiones propias de la discreción o pericia administrativa.[17] Ello implica que los dictámenes de los entes administrativos merecen deferencia judicial.[18]

Ahora bien, tal norma no es absoluta. Nuestro más alto foro ha instaurado que no podemos dar deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.[19] Particularmente, concretó las normas básicas sobre el alcance de la *revisión judicial* al expresar:

> [L]os tribunales deben dar deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

El alcance de la *revisión judicial* de las determinaciones administrativas se ciñe a determinar lo siguiente: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hecho de la agencia están basadas en *evidencia sustancial* que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas.[20]

En cuanto a las determinaciones de hechos, estas serán sostenidas por los tribunales si están respaldadas por *evidencia sustancial* que surja del

---

[16] *Torres Rivera v. Policía de PR,* 196 DPR 606, 625- 626 (2016)*; García Reyes v. Cruz Auto Corp.*, 173 DPR 870, 891 (2008).

[17] *OCS v. Point Guard Ins*., 205 DPR 1005, 1028 (2020).

[18] *DACo v. Toys "R" Us*, 191 DPR 760, 765 (2014).

[19] *Torres Rivera v. Policía de PR, supra*.

[20] Sección 4.5 de la LPAU, 3 LPRA § 9675; *OEG v. Martínez Giraud*, 210 DPR 79 (2022).

expediente administrativo considerado en su totalidad.[21] La *evidencia sustancial* es aquella relevante que una mente razonable puede aceptar como adecuada para sostener una conclusión.[22] Debido a la presunción de legalidad y corrección que cobija a las decisiones de las agencias administrativas, quien alegue ausencia de *evidencia sustancial* debe presentar prueba suficiente para derrotar dicha presunción.[23] Para ello "tiene que demostrar que existe otra prueba en el expediente que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración".[24] De modo que no podrá basarse únicamente en simple alegaciones. A esto se le conoce como la norma de la *evidencia sustancial*, con la cual se persigue evitar sustituir el criterio del organismo administrativo en materia especializada por el criterio del tribunal revisor.[25] Aun cuando exista más de una interpretación razonable de los hechos, el tribunal debe dar deferencia a la agencia, y no sustituir su criterio por el de esta.[26]

Por otro lado, las conclusiones de derecho de la agencia son revisables en todos sus aspectos, sin sujeción a norma o criterio alguno.[27] Así, debemos dar deferencia a las interpretaciones que los organismos administrativos hacen de las leyes y reglamentos que administran. Es por ello que, ante casos dudosos, donde pueda concebirse una interpretación distinta de estas leyes y reglamentos, la determinación de la agencia merece deferencia sustancial.[28]

En resumen, si la decisión recurrida es razonable y se sostiene en la *evidencia sustancial* que obra en el expediente administrativo, procede su confirmación.[29] Por el contrario, los tribunales revisores podemos intervenir

---

[21] *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018).
[22] *Otero v. Toyota, supra*, pág. 728.
[23] *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 128 (2019).
[24] *Gutiérrez Vázquez v. Hernández y otros*, 172 DPR 232, 244 (2007).
[25] *Pacheco v. Estancias*, 160 DPR 409, 432 (2003).
[26] *Íd.*
[27] *Rebollo v. Yiyi Motors*, 161 DPR 69, 77 (2004).
[28] *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011).
[29] *García Reyes v. Cruz Auto Corp., supra*, pág. 893.

con la decisión recurrida cuando no está basada en *evidencia sustancial*, o cuando la actuación es arbitraria, irrazonable o ilegal, o cuando afecta derechos fundamentales.[30] Del mismo modo, el Prof. Echevarría Vargas ha puntualizado que las decisiones de las agencias gubernamentales no deben ser "revocadas o modificadas salvo que conste una actuación arbitraria, ilegal o irrazonable".[31]

**- B -**

La sección 3.14 de la precitada Ley aborda la carta de derechos en los procedimientos adjudicativos. Sustancialmente preceptúa que en todo procedimiento **adjudicativo formal** ante una agencia se salvaguardará lo siguiente: (1) el derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte; (2) el derecho a presentar evidencia; (3) el derecho a una adjudicación imparcial; y (4) el derecho a que la decisión sea basada en el expediente. En lo pertinente, esta sección expresa:

> **Órdenes o resoluciones finales**.
> [...]
> La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho ante el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.
> La agencia deberá especificar en la certificación de sus órdenes o resoluciones los nombres y direcciones de las personas naturales o jurídicas a quienes, en calidad de partes, les fue notificado el dictamen, a los fines de que estas puedan ejercer efectivamente el derecho a la revisión judicial conferido por ley.
> La agencia deberá notificar por correo a las partes, y a sus abogados de tenerlos, la orden o resolución a la brevedad posible, y deberá archivar en autos copia de la orden o resolución final y de la constancia de la notificación. Una parte no podrá ser requerida a cumplir con una orden final a menos que dicha parte haya sido notificada de la misma.[32]

Conforme a la jurisprudencia, la notificación adecuada de un proceso adversativo es uno de los requisitos que todo procedimiento debe satisfacer

---

[30] *Capó Cruz v. Jta. Planificación et al.*, 204 DPR 581 (2020); *JP, Plaza Santa Isabel v. Cordero Badillo, supra.*
[31] Echevarría Vargas, J. A., *Derecho Administrativo Puertorriqueño*, 5ta. ed. Rev., San Juan, Ed. Situm, 2023, pág. 340.
[32] 3 LPRA § 9654.

para garantizar las exigencias mínimas del debido proceso de ley. Su incumplimiento violenta el derecho a ser oído.

Así, la **notificación es un requisito indispensable** para la validez del procedimiento administrativo de carácter adjudicativo en sus distintas etapas. Por lo tanto, nuestro Tribunal Supremo ha reiterado en numerosas ocasiones la necesidad de una notificación adecuada. Necesariamente, la garantía del debido proceso de ley presupone una notificación "real y efectiva".[33] La notificación de órdenes, resoluciones y sentencias ha sido protegida reiteradamente por el ordenamiento jurídico puertorriqueño, debido a que concede a las partes la oportunidad de tomar conocimiento real de la acción tomada en su contra. Así como, garantiza a la parte afectada la oportunidad de defenderse de cualquier reclamación que se ventile en un foro adjudicativo. La notificación también otorga a las personas cuyos derechos pudieran verse transgredidos, una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley.[34] Esto anterior, está predicado en que nuestro ordenamiento jurídico dispone que las garantías del debido proceso de ley le aplican a toda resolución final. Una deficiencia en estas garantías hace que la resolución no surta efecto alguno sobre las partes, hasta tanto sea subsanado.

- III -

En este caso, el 31 de enero de 2024, el **DRNA** suscribió la *Notificación de Adjudicación de Propuesta: "The Rio Camuy Cave Park Project"*. La *Notificación* dirigida a **SEPRI** fue remitida por correo certificado con acuse de recibo número 7003-0500-0001-3076-5092. El 25 de marzo de 2024, la aludida *Notificación* fue devuelta al remitente (*"delivered to the original sender"*). A pesar de eso, la agencia no realizó gestión alguna para corregir esta deficiencia de la notificación. Concretamente, el ente administrativo no le notificó adecuada y oportunamente a **SEPRI** sobre el resultado de la

---

[33] *Román Ortiz v. Oficina de Gerencia de Permisos,* 203 DPR 947 (2020).
[34] *Asoc. Vec. Altamesa Este v. Mun. San Juan*, 140 DPR 24, 34 (1996).

adjudicación de la propuesta. En abril de 2024, **DRNA** replicó a las comunicaciones de **SEPRI** exponiendo que examinado el expediente se desprende que la adjudicación se remitió por correo certificado el 7 de febrero de 2024 y se le incluyó copia de esta. Por lo que, incidió el **DRNA.** No existiendo la más mínima duda de que la *Notificación* del foro administrativo es defectuosa, procede que se emita una nueva *Notificación* en cumplimiento con las disposiciones legales aplicables.

En conformidad con el marco jurídico antes enunciado, desestimamos la *Petición de Revisión Administrativa* por tratarse de un recurso *prematuro* sobre el cual no podemos asumir *jurisdicción*. Este defecto en la notificación provoca que los términos para acudir ante este foro revisor no hayan comenzado a transcurrir.

- IV -

Por los fundamentos antes expuestos, ***desestimamos,*** por ausencia de jurisdicción, la *Petición de Revisión Administrativa* instada el 8 de mayo de 2024 por **SEPRI**; y se le requiere al **DRNA** efectuar la notificación adecuada de la *Notificación de Adjudicación de Propuesta: "The Rio Camuy Cave Park Project"* dictaminada el 31 de enero de 2024.

A tenor con la Regla 83 (E) del Reglamento del Tribunal de Apelaciones, se le requiere a la Secretaría del Tribunal de Apelaciones proceder con el desglose de los apéndices del caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones